UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:20-cv-82262

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

        Plaintiff,

v.

SAFE HARBOR REALTY, LLC dba
KELLER WILLIAMS REALTY OF THE
PALM BEACHES,
TRACEY LAVOLL,
SAFE HARBOUR REALTY OF JUPITER,
LLC dba KELLER WILLIAMS REALTY OF
JUPITER,
MCKINLEY NAVAROLI, PA,
MCKINLEY NAVAROLI,
KEVIN M. KELLY,
LORI HOBIN PA
LORI HOBIN,
JOHN FREDERICK SIMMONDS,
AMY CATHLEEN SIMMONDS P.A.
AMY CATHLEEN SIMMONDS,
SAFE HARBOR REALTY OF PORT ST
LUCIE LLC dba KELLER WILLIAMS
REALTY OF PORT ST LUCIE, and
MARK STEVEN BRADLEY,

        Defendants.

_____/

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. by and through its undersigned counsel, brings this Complaint against Defendants SAFE HARBOR REALTY, LLC dba KELLER WILLIAMS REALTY OF THE PALM BEACHES, TRACEY LAVOLL, SAFE HARBOUR REALTY OF JUPITER, LLC dba KELLER WILLIAMS REALTY OF JUPITER,

MCKINLEY NAVAROLI, PA, MCKINLEY NAVAROLI, KEVIN M. KELLY, LORI HOBIN PA, LORI HOBIN, JOHN FREDERICK SIMMONDS, AMY CATHLEEN SIMMONDS P.A., AMY CATHLEEN SIMMONDS, SAFE HARBOR REALTY OF PORT ST. LUCIE LLC dba KELLER WILLIAMS REALTY OF PORT ST. LUCIE, and MARK STEVEN BRADLEY, for damages and injunctive relief, and in support thereof states as follows:

## SUMMARY OF THE ACTION

1. Plaintiff AFFORDABLE AERIAL PHOTOGRAPHY, INC. ("AAP") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute AAP original copyrighted Works of authorship in its Works.  AAP's licenses its copyrighted Works, such as the ones in this case, to real estate associates and brokerages for use in connection with promoting real estate listings.

2. Robert Stevens, owner of Affordable Aerial Photography, Inc., is a high-end real estate photographer who makes his living photographing million dollar homes for real estate agents. Stevens is an employee of his company, AAP, which provides photo shoots to a client's specifications. Stevens is self-taught, but his photographs rival those taken by photographers who charge thousands more.  AAP licenses its photos to agents pursuant to a written license. The license is granted only to the agent for whom the photos were taken.

3. Defendant SAFE HARBOR REALTY, LLC DBA KELLER WILLIAMS REALTY OF THE PALM BEACHES ("KW Palm Beach") is a Florida based company which specializes in as well as working with various real estate brokerage firms across the state. License Number:  CQ1015838

4. Defendant TRACEY LAVOLL ("Lavoll") is a real estate broker/agent. At all times relevant herein, Lavoll was part of the KW Palm Beach team and her real estate license number is BK3054897.

5. Defendant SAFE HARBOR REALTY OF JUPITER, LLC dba KELLER WILLIAMS REALTY OF JUPITER ("KW Jupiter") is a Florida based company which specializes in real estate in and around the city of Jupiter, Florida. The real estate license number for KW Jupiter is CQ1023373.

6. Defendant MCKINLEY NAVAROLI, PA ("MNPA") is a holding company that holds a real estate license in Florida and at all times relevant herein, part of the KW Jupiter team. The real estate license number for MNPA is SL3226266.

7. Defendant McKINLEY NAVAROLI ("Navaroli") is the sole member of MNPA and at all times relevant herein, part of the KW Jupiter team.

8. Defendant KEVIN M. KELLY ("Kelly") is a real estate agent and at all times relevant herein, part of the KW Jupiter team. The real estate license number for Kelly is SL3261206.

9. Defendant LORI HOBIN PA ("LHPA") is a holding company that holds a real estate license in Florida and at all times relevant herein, part of the KW Jupiter team. The real estate license number for LHPA is SL644631.

10. Defendant LORI HOBIN ("Hobin") is the sole member of LHPA and at all times relevant herein, part of the KW Jupiter team.

11. Defendant JOHN FREDERICK SIMMONDS ("JFS") is a real estate agent and at all times relevant herein, part of the KW Jupiter team. The real estate license number for JFS is SL3061063.

12. Defendant AMY CATHLEEN SIMMONDS P.A. ("ACSPA") is a holding company that holds a real estate license in Florida and at all times relevant herein, part of the KW Jupiter team.  The real estate license number for ACSPA is SL3165162.

13. Defendant AMY CATHLEEN SIMMONDS ("ACS") the sold member of ACSPA and at all times relevant herein, part of the KW Jupiter team.

14. MNPA, Kelly, LHPA, JFS and ACSPA are collectively referred to herein as "KWJ Defendants."

15. Defendant SAFE HARBOR REALTY OF PORT ST. LUCIE LLC dba KELLER WILLIAMS REALTY OF PORT ST LUCIE  ("KW Port St. Lucie") is a licensed real estate corporation and broker that specializes in properties located in Port St. Lucie, Florida.  The real estate license number for KW Port St. Lucie is CQ1041045.

16. Defendant MARK STEVEN BRADLEY ("Bradley") is a real estate sales agent and at all times relevant herein, part of the KW Port St. Lucie team. The real estate license number for Bradley is SL3300057.

17. KW Palm Beach, Lavoll, KW Jupiter, the KWJ Defendants, KW Port St. Lucie and Bradley all operate under the umbrella of the same owner/operator of Safe Harbor (Harbour) Realty dba Keller Williams.

18. AAP alleges that all defendants obtained AAP's copyrighted Works from the internet or prior listings for other properties on multiple listing services of which defendants are members in order to carry out their activities as a professional real estate agent and broker. Defendants copied AAP's copyrighted Works from the internet or prior real estate listings without AAP's permission.  The prior real estate listings that defendants may have used to copy AAP's copyrighted Works are available to all professional licensed real estate associates and

brokers who are members of the multiple listing service where the photos were posted, and they are also available publicly on the internet.

19. Defendants distributed AAP's copyrighted Works also without AAP's permission, such as through real estate listings on multiple listing services. Defendants committed the violations alleged by copying and distributing AAP's copyrighted Works in connection with defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of defendants' professional real estate businesses.

20. Defendant KW Palm Beach, the broker for Lavoll, appears as listing broker on the real estate listing(s) where Lavoll committed the violations of AAP's exclusive rights under the copyright act.

21. Defendant KW Palm Beach is liable for the infringements by Lavoll because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

22. Defendant KW Jupiter, the broker for MNPA, Kelly, LHPA, JFS and ACSPA, appears as listing broker on the real estate listings where MNPA, Kelly, LHPA, JFS and ACSPA committed the violations of AAP's exclusive rights under the copyright act.

23. Defendant KW Jupiter is liable for the infringement by MNPA, Kelly, LHPA, JFS and ACSPA because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

24. Defendant KW Port St. Lucie, the broker for Bradley appears as listing broker on the real estate listing where Bradley committed the violations of AAP's exclusive rights under the copyright act.

25. Defendant KW Port St. Lucie is liable for the infringement by Bradley because a Florida real estate broker is liable for the torts of its agents, even if those agents are treated as "independent contractors."

26. A person licensed as a real estate sales associate may not operate as a sales associate without a broker that is registered as her or his employer. Fla. Stat. § 475.42(1)(B). Moreover, the "terms "employ," "employment," "employer," and "employee," when used to describe the relationship between a broker like KW Palm Beach, KW Jupiter, and KW Port St. Lucie and sales associates like Lavoll, MNPA, Kelly, LHPA, JFS, ACSPA, and Bradley include an independent contractor relationship when such relationship is intended by and established between a broker (KW Palm Beach, KW Jupiter and KW Port St. Lucie) and a sales associate (Lavoll, MNPA, Kelly, LHPA, JFS, ACSPA, and Bradley).

27. Furthermore the existence of an independent contractor relationship shall not relieve the brokers (KW Palm Beach, KW Jupiter and KW Port St. Lucie) of their duties, obligations, or responsibilities, which include being responsible for the offences of Lavoll, MNPA, Kelly, LHPA, JFS, ACSPA and Bradley. Fla. Stat., § 475.01(2).

28. As a result, even if KW Palm Beach, KW Jupiter or KW Port St. Lucie designates its agents as "independent contractors," Lavoll, MNPA, Kelly, LHPA, JFS, ACSPA, and Bradley are "employees" under the Florida Real Estate Code and the common law of principal/agent in Florida, KW Palm Beach, KW Jupiter, and KW Port St. Lucie are vicariously liable for its agents' acts committed in connection with and in furtherance of KW Palm Beach, KW Jupiter, and KW Port St. Lucie's real estate brokerage business.

29. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

30. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

31. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

32. Defendants are subject to personal jurisdiction in Florida.

33. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, defendants engaged in infringement in this district, defendants reside in this district, and defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

34. Safe Harbor Realty, LLC dba Keller Williams Realty of the Palm Beaches is a Florida limited liability company with its principal place of business at 2901 PGA Boulevard, Suite 100, Palm Beach Gardens, Florida, 33410, and can be served by serving its Registered Agent, Mr. Charles F. Posess, 4455 Military Trail, Suite 102, Jupiter, Florida, 33458.

35. Tracey Lavoll is an individual residing Palm Beach County, Florida, and can be served at 18742 Big Cypress Drive, Jupiter, Florida, 33458.

36. Safe Harbor Realty of Jupiter, LLC dba Keller Williams Realty of Jupiter is a Florida limited liability company with its principal place of business at 4455 Military Trail, Suite 100, Jupiter, Florida, 33458, and can be served by serving its registered agent, Mr. Charles F. Posess, 4455 Military Trail Suite 102, Jupiter, Florida, 33458

37. McKinley Navaroli, PA is a Florida professional association with its principal place of business located at 19384 Caribbean Court, Tequesta, Florida, 33469 and can be served

by serving its Registered Agent Fischer Financial & Tax LLC at 5500 Military Trail, Suite 22-280, Jupiter, Florida, 33458.

38. McKinley Navaroli is an individual residing in Palm Beach County, state of Florida and can be served at 19384 Caribbean Court, Tequesta, Florida, 33469.

39. Kevin M. Kelly is an individual residing in Palm Beach County, state of Florida, and can be served at 3293 East Community Drive, Jupiter, Florida, 33458.

40. Lori Hobin PA is a Florida professional association, with its principal place of business located at 2701 Pin Oak Court, Palm Beach Gardens, Florida, and can be served by serving its registered agent, Lori Hobin, at the same address.

41. Lori Hobin is an individual residing in Palm Beach County, state of Florida, and can be served at 2701 Pin Oak Court, Palm Beach Gardens, Florida 33410.

42. John Frederick Simmonds is an individual residing in Palm Beach County, state of Florida, and can be served at 174 Paradise Circle, Jupiter, Florida, 33458.

43. Amy Cathleen Simmonds P.A. is a Florida professional association with its principal place of business located at 174 Paradise Circle, Jupiter, Florida, 33458, and can be served by serving its registered agent, John Simmonds, at the same address.

44. Amy Cathleen Simmonds is an individual residing in Palm Beach County, state of Florida, and can be served at 174 Paradise Circle, Jupiter, Florida, 33458.

45. Safe Harbor Realty of Port St. Lucie LLC dba Keller Williams Realty of Port St Lucie is a Florida limited liability company with its principal place of business at 9700 Reserve Blvd., Port St. Lucie, Florida, 33986, and can be served by serving its registered agent, Posess, Kolbert & Strauss, PLLC, 4455 Military Trail, Suite 102, Jupiter, Florida, 33458.

46.     Mark Steven Bradley ("Bradley") is an individual residing in Martin County, state of Florida and can be served at 5465 SE Lamay Drive, Stuart, Florida 34997.

## THE COPYRIGHTED WORKS AT ISSUE

47.     The below table details the Copyright Titles, Registration Numbers and Registration Issue Dates of the Works of intellectual property at issue in this case, and which are referred to herein as the "Works":

| **Copyright Title** | **Registration Number** | **Registration Issue Date** |
| --- | --- | --- |
| Martinique Singer Island aerial a 2011 AAP, Apr. 30, 2011 | VA 1-970-038 | 9/16/2015 |
| Evergrene aerial b 2013 AAP, Mar. 16, 2013 | VA 1-967-718 | 7/16/2015 |
| Ocean Trail Beach Access AAP 09, May. 8, 2009 | VA 1-967-719 | 7/7/2015 |
| Singer_Island_and_John_Mac_Arthur_State_Park | VA 1-881-439 | 8/2/2013 |
| 71 N River Dr night a AAP, Apr. 17, 2017 | VA 2-100-942 | 10/17/2017 |
| 71 N River Dr night c AAP, Jan. 17, 2017 | VA 2-100-942 | 10/17/2017 |
| 71 N River Dr sunset AAP, Jan. 17, 2017 | VA 2-100-942 | 10/17/2017 |
| Sewells Point aerial a 2015 AAP, Sept. 2, 2015 | VA 2-075-526 | 11/10/2017 |
| Jupiter Lighthouse with Boat a 2010 AAP, Aug. 27, 2010 | VA 1-966-132 | 7/15/2015 |
| Ocean Trail Aerial 40 AAP 09, May. 12, 2009 | VA 1-967-719 | 7/7/2015 |
| Singer Island Welcome aerial pano 2008 AAP, Mar. 13, 2010 | VA 2-059-014 | 6/23/2017 |
| Flagler Museum aerial A 2009 AAP, Jun. 27, 2009 | VA 1-967-719 | 7/7/2015 |

48.     At the time AAP created the Works, AAP applied copyright management information to the Works consisting of ©AAP [Date] All Rights Reserved.

49. AAP's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

50. At all relevant times AAP was the owner of the copyrighted Works at issue in this case.

## INFRINGEMENT BY DEFENDANTS

51. The defendants have never been licensed to use the Works at issue in this action for any purpose.

52. On a date after the Works at issue in this action were created, but prior to the filing of this action, defendants copied, displayed, or distributed the Works or made derivative works from the Works.

53. Defendants copied AAP's copyrighted Works from prior listings for other properties on multiple listing services of which defendants are members, obtained the Works from the internet, or from other real estate associates.

54. After defendants copied the Works, they made further copies and distributed the Works on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Works or similar properties as part of their professional real estate businesses.

55. Defendants copied and distributed AAP's copyrighted Works in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

56. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit "B"** that show (1) AAP's original Works, (2) AAP's Certificates of Registration, and (3) defendants' unauthorized and unlicensed use of AAP's copyrighted Works. Attached hereto as **Exhibit "A"** is a document summarizing the infringements, and their corresponding registrations and original images.

57. In connection with their infringement of the Works at issue in this action, defendants removed copyright management information from the Works as evidenced by the documents attached hereto in Exhibit B, subsections 3.

58. AAP never gave the defendants permission or authority to copy, distribute or display the Works at issue in this case, or create derivative works or the Works.

59. AAP notified the defendants of the allegations set forth herein on August 13, 2018, through October 26, 2018.   To date, the parties have failed to resolve this matter.

60. AAP never gave defendants permission or authority to remove copyright management information from the Works at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT BY LAVOLL

61. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

62. AAP owns valid copyrights in the Works at issue in this case.

63. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

64. Lavoll copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

65. Lavoll performed the acts alleged in the course and scope of their business activities.

66. Lavoll's acts were willful.

67. AAP has been damaged.

68. The harm caused to AAP has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION BY LAVOLL

69. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if fully set forth herein.

70. The Works at issue in this case contain copyright management information ("CMI").

71. Lavoll knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Works at issue in this action in violation of 17 U.S.C. § 1202(b).

72. Lavoll committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

73. Lavoll caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that they will induce, enable, facilitate or conceal infringement of AAP's rights in the Works at issue in this action protected under the Copyright Act.

74. Lavoll's acts were willful.

75. AAP has been damaged.

76. The harm caused to AAP has been irreparable.

## COUNT III
## VICARIOUS COPYRIGHT INFRINGEMENT BY KW PALM BEACH

77. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

78. AAP owns valid copyrights in the Works at issue in this case.

79. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

80. KW Palm Beach copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

81. KW Palm Beach had the right and ability to supervise the infringing activities of Lavoll alleged herein.

82. KW Palm Beach had a direct financial interest in the infringing activities alleged herein.

83. As a result of KW Palm Beach's vicarious infringement as alleged above, KW Palm Beach obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

## COUNT IV
## COPYRIGHT INFRINGEMENT BY KWJ DEFENDANTS

84. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

85. AAP owns valid copyrights in the Works at issue in this case.

86. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

87. KWJ Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

88. KWJ Defendants performed the acts alleged in the course and scope of their business activities.

89. KWJ Defendants' acts were willful.

90. AAP has been damaged.

91. The harm caused to AAP has been irreparable.

## COUNT V
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION BY KWJ DEFENDANTS

92. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

93. AAP owns valid copyrights in the Works at issue in this case.

94. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

95. KWJ Defendants copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

96. KWJ Defendants performed the acts alleged in the course and scope of their business activities.

97. KWJ Defendants' acts were willful.

98. AAP has been damaged.

99. The harm caused to AAP has been irreparable.

## COUNT VI
## VICARIOUS COPYRIGHT INFRINGEMENT BY KW JUPITER

100. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

101. AAP owns valid copyrights in the Works at issue in this case.

102. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

103. KW Jupiter copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

104. KW Jupiter had the right and ability to supervise the infringing activities of MNPA, Kelly, LHPA, JFS and ACSPA alleged herein.

105. KW Jupiter had a direct financial interest in the infringing activities alleged herein.

106. As a result of KW Jupiter's vicarious infringement as alleged above, KW Jupiter obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

## COUNT VII
## VICARIOUS COPYRIGHT INFRINGEMENT BY NAVAROLI

107. APP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

108. AAP owns valid copyrights in the Works at issue in this case.

109. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

110. Navaroli copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

111. Navaroli had the right and ability to supervise the infringing activities of MNPA alleged herein.

112. Navaroli had a direct financial interest in the infringing activities alleged herein.

113. As a result of Navaroli's vicarious infringement as alleged above, Navaroli obtained direct and indirect profits she would otherwise not have realized but for its infringement of the Works.

## COUNT VIII
## VICARIOUS COPYRIGHT INFRINGEMENT BY HOBIN

114. APP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

115. AAP owns valid copyrights in the Works at issue in this case.

116. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

117. Hobin copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

118. Hobin had the right and ability to supervise the infringing activities of LHPA alleged herein.

119. Hobin had a direct financial interest in the infringing activities alleged herein.

120. As a result of Hobin's vicarious infringement as alleged above, Hobin obtained direct and indirect profits she would otherwise not have realized but for its infringement of the Works.

## COUNT IX
## VICARIOUS COPYRIGHT INFRINGEMENT BY ACS

121. APP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

122. AAP owns valid copyrights in the Works at issue in this case.

123. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

124. ACS copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

125. ACS had the right and ability to supervise the infringing activities of ACSPA alleged herein.

126. ACS had a direct financial interest in the infringing activities alleged herein.

127. As a result of ACS's vicarious infringement as alleged above, ACS obtained direct and indirect profits she would otherwise not have realized but for its infringement of the Works.

## COUNT X
## COPYRIGHT INFRINGEMENT BY BRADLEY

128. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

129. AAP owns valid copyrights in the Works at issue in this case.

130. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

131. Bradley copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

132. Bradley performed the acts alleged in the course and scope of their business activities.

133. Bradley's acts were willful.

134. AAP has been damaged.

135. The harm caused to AAP has been irreparable.

## COUNT XI
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION BY BRADLEY

136. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

137. AAP owns valid copyrights in the Works at issue in this case.

138. AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

139. Bradley copied, displayed, and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

140. Bradley performed the acts alleged in the course and scope of their business activities.

141. Bradley's acts were willful.

142. AAP has been damaged.

143. The harm caused to AAP has been irreparable

## COUNT XII
## VICARIOUS COPYRIGHT INFRINGEMENT BY KW PORT ST. LUCIE

144. AAP incorporates the allegations of paragraphs 1 through 60 of this Complaint as if more fully set forth herein.

145. AAP owns valid copyrights in the Works at issue in this case.

146.     AAP registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

147.     KW Port St. Lucie copied, displayed and distributed the Works at issue in this case and made derivatives of the Works without AAP's authorization in violation of 17 U.S.C. § 501.

148.     KW Port St. Lucie had the right and ability to supervise the infringing activities of Bradley alleged herein.

149.     KW Port St. Lucie had a direct financial interest in the infringing activities alleged herein.

150.     As a result of KW Port St. Lucie's vicarious infringement as alleged above, KW Port St. Lucie obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Works.

WHEREFORE, the Plaintiff prays or judgment against the Defendants Safe Harbor Realty, LLC dba Keller Williams Realty of the Palm Beaches, Tracey Lavoll, Safe Harbour Realty of Jupiter, LLC dba Keller Williams Realty of Jupiter, McKinley Navaroli, PA, McKinley Navaroli, Kevin M. Kelly, Lori Hobin PA, Lori Hobin, John Frederick Simmonds, Amy Cathleen Simmonds P.A., Amy Cathleen Simmonds, Safe Harbor Realty of Port St. Lucie LLC, and Mark Steven Bradley that:

a.     Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendants be required to pay Plaintiff its actual damages and Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre- and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: December 11, 2020                Respectfully submitted,

*/s/ Joel B. Rothman*
JOEL B. ROTHMAN
Florida Bar Number 98220
joel.rothman@sriplaw.com
CRAIG A. WIRTH
Florida Bar Number: 125322
craig.wirth@sriplaw.com
MEIR TEITELBAUM
Florida Bar Number: 1022915
meir.teitelbaum@sriplaw.com

**SRIPLAW**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Attorneys for Plaintiff Affordable Aerial Photography, Inc.*