UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

    Plaintiff,                    CASE NO.:  9:20-CV-82262

v.

SAFE HARBOR REALTY, LLC d/b/a
KELLER WILLIAMS REALTY OF THE
PALLM BEACHES;
TRACEY LAVOLL;
SAFE HARBOUR REALTY OF JUPITER,
LLC d/b/a KELLER WILLIAMS REALTY OF
JUPITER;
MCKINLEY NAVAROLI, P.A.;
MCKINLEY NAVAROLI;
LORI HOBIN P.A.;
LORI HOBIN;
JOHN FREDERICK SIMMONDS;
AMY CATHLEEN SIMMONDS P.A.;
AMY CATHLEEN SIMMONDS;
SAFE HARBOR REALTY OF PORT ST.
LUCIE LLC d/b/a KELLER WILLIAMS
REALTY OF PORT ST. LUCIE;
and
MARK STEVEN BRADLEY,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

COME NOW Defendants, SAFE HARBOR REALTY, LLC d/b/a KELLER WILLIAMS

REALTY OF THE PALLM BEACHES ("KW Palm Beaches"); TRACEY LAVOLL ("Lavoll");

SAFE HARBOUR REALTY OF JUPITER, LLC d/b/a KELLER WILLIAMS REALTY OF

JUPITER ("KW Jupiter"); MCKINLEY NAVAROLI, P.A. ("MNPA"); MCKINLEY

NAVAROLI ("Navaroli"); LORI HOBIN, P.A. ("LHPA"); LORI HOBIN ("Hobin"); JOHN

FREDERICK SIMMONDS ("JFS"), AMY CATHLEEN SIMMONDS ("ACS"); AMY

CATHLEEN SIMMONDS, P.A. ("ACSPA"); SAFE HARBOR REALTY OF PORT ST. LUCIE LLC d/b/a KELLER WILLIAMS REALTY OF PORT ST. LUCIE ("KW Port St. Lucie") and MARK STEVEN BRADLEY ("Bradley") (hereinafter, collectively, "Defendants") by and through their undersigned counsel, and pursuant to the Federal Rule of Civil Procedure 12(b)(6), file this Motion to Dismiss Plaintiff's, AFFORDABLE AERIAL PHOTOGRAPHY, INC.'s, (hereinafter "Plaintiff") Second Amended Complaint [D.E. 17], and state as follows:

## **INTRODUCTION AND SUMMARY OF THE ARGUMENTS**

This action arises out of the alleged copyright infringement of professional real estate photographs. More specifically, Plaintiff alleges Defendants, collectively, have engaged in copyright infringement, removal of copyright management information ("CMI") and vicarious copyright infringement. Plaintiff specifically groups Defendants by their location: Keller Williams of the Palm Beaches ("KW Palm Beaches"), Keller Williams Realty of Jupiter ("KW Jupiter") and Keller Williams Realty of Port St. Lucie ("KW Port St. Lucie"). *See* Amended Complaint, ¶¶3-4, 5-13, 14-15. Lavoll is part of the KW Palm Beaches team and holds a Real Estate License under her name. *Id.* at ¶4. Bradley is part of the KW Port St. Lucie team and holds a Real Estate License under his name. *Id.* at ¶15. Navaroli, MNPA, Hobin, LHPA, JFS, ACS and ACSPA are all part of the KW Jupiter team. *Id.* at ¶¶6-13. MPNA, LHPA, JFS and ACSPA all hold Real Estate licenses under their respective names. *Id.* at ¶¶6, 8, 10, 11. Curiously, Navaroli, Hobin and ACS are the only individuals named in their individual capacities. Moreover, there are no corresponding allegations directed to the private, individual capacities of Lavoll, JFS or Bradley. The KWJ Agent Defendants identified by Plaintiff specifically include Navaroli, Hobin, ACS, MNPA, LHPA, JFS

and ACSPA. *Id.* at ¶13. Again, Navaroli, Hobin and ACS are the only individuals included in their individual capacities.

Plaintiff attempts to overcome the threadbare allegations contained in the Initial Complaint accompanied by over four hundred pages of documents with an Amended Complaint that fails to apprise Defendants of the factual basis underlying claims of copyright infringement, removal of copyright management information ("CMI") and vicarious copyright infringement claims. Plaintiff's generalized conclusions fail to establish a factual basis for the claims alleged. As detailed further below, Defendants request that this Court dismiss Count I, Count II, Count III, Count V and Count VIII; Count IV and VI as it relates to Hobin/LHPA, JFS/ACS/ACSPA and Navaroli/MNPA as provided 880 Taft Ct. Listing; and Count VII and Count IX as it relates to the works entitled "71 N River Dr Night C," "71 N River Dr Night A" and "River Dr Sunset," or in the alternative, enter an order for more definite statement.of the Amended Complaint, or in the alternative, enter an order for more definite statement.

## MEMORANDUM OF LAW

### I.      Legal Standard for Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Forman v. Morris*, 2010 WL 2723189, at *3 (S.D. Fla. July 6, 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). "A pleading must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Forman*, 2010 WL 2723189, at *3 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

liable for the misconduct alleged.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285–86 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Iqbal*, 129 S.Ct. 1937, 1949). "Pleadings that 'are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.'" *Forman*, 2010 WL 2723189, at *3 (quoting *Iqbal*, 129 S.Ct. at 1950). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

"A motion for a more definite statement is appropriate where the pleasing 'is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading.'" *Betancourt v. Marine Cargo Management, Inc.*, 930 F.Supp. 606, 608 (quoting Fed. R. Ci. P. 12(e)). "In considering such a motion, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure, pursuant to which a 'short and plain statement of the claim" will suffice.'" *Betancourt*, 930 F. Supp. at 608 (quoting Fed. R. Civ. P. 8(a)(2)). "When the exhibits attached to the complaint contradict the general and conclusory allegations of the pleading, the exhibits govern." *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1288 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Renfroe v. Nationstar Mortg., LLC*, 822 F.3d 1241, 1245 (11th Cir. 2016)).

"A plaintiff alleging copyright infringement must prove two elements to establish a prima facie case: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Fodere v. Lorenzo*, 2011 WL 465468, at *3 (S.D. Fla. Feb. 4, 2011), *aff'd,* 441 F. App'x 666 (11th Cir. 2011) (quoting *Latimer v. Roaring Toyz, Inc.,* 601 F.3d 1224, 1232–33 (11th Cir.2010)).

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

"Under the Digital Millennium Copyright Act, no person shall 'intentionally remove or alter any copyright management information[.]'" *Miller v. Suriel Group, Inc.*, 2020 WL 6122246, at *3 (S.D. Fla. 2020) (quoting 17 U.S. C. § 1201(b)(1)). "Copyright management information includes information such as the title and name of the author of a work." *Miller*, 202 WL 6122246, at *3 (citing 17 U.S.C. § 1202(c)(1)-(2)). "An action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work." *Miller*, 202 WL 6122246, at *3 (quoting *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010)).

"To prevail on a claim for vicarious infringement, a plaintiff must allege that the defendant 'infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Hydentra HLP Int. Ltd. v. Luchian*, 2016 WL 5951808, at *14 (S.D. Fla. 2016) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). "The defendant must have the right and ability to supervise the infringing activity." *Luchian*, 2016 WL 5951808, at *14 (quoting *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1282 (S.D. Fla. 2012)).

## II.   Failure to State a Claim Against Lavoll or KW Palm Beach[1]—Counts I, II and III

---

[1] Curiously, Plaintiff specifically identifies "Flagler Museum aerial A" as one of the works at issue in this case. *See* Amended Complaint, ¶45. The related factual basis related to this Work is provided in Exhibit B-4 [D.E. 17-5] and is specifically aimed at KW Palm Beach. However, there is no claim alleged in the Amended Complaint that relates to this particular Work or alleges any direct copyright infringement or removal of CMI by KW Palm Beach. Rather, the only claim that is specifically directed to KW Palm Beach is Count III for vicarious copyright infringement based on the allegedly infringing activities of Lavoll. *See* Amended Complaint, ¶¶75-81. Given the lack of any specific claim against KW Palm Beach, Defendants ask this Court to strike the "Flagler Museum aerial A" work listed in the Amended Complaint because there is no corresponding claim or factual basis alleged therein.

"A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285–86 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Iqbal*, 129 S.Ct. 1937, 1949).

Here, Plaintiff has not alleged an adequate factual basis to support those claims directed to Lavoll or those that arise from Lavoll's allegedly infringing activities. The MLS Report provided in Exhibit B-1 [D.E. 17-2] does not demonstrate that Lavoll specifically uploaded copies of "Martinique Singer Island aerial a" to the listing or when she allegedly removed copyright management information from the same. The inclusion of the dates Plaintiff discovered the allegedly infringing activity is crucial to establishing that Plaintiff's claims are not barred by the statute of limitations. *See* 17 U.S.C. § 507. Given the lack of clarity regarding the statute of limitations as it relates to the allegations related to Exhibit B-1, Defendants ask this Court to order Plaintiff to provide a more definite statement as to Counts I, II and III.

First, as to Count I for copyright infringement, the MLS Report does not include any details about when the work at issue was allegedly copied and uploaded to MLS. Instead, the MLS Report lists a total of three "changes" made by Lavoll on February 14, 2018, none of which include adding any documents or images to the listing. *See* Ex. B-1, p. 10. Moreover, the remainder of images provided in Exhibit B-1 are undated screenshots from various real estate listing websites and fail to include any further information as to who uploaded the images contained therein. Thus, as it pertains to Count I, Plaintiff has failed to allege any factual basis to support the claim that Lavoll engaged in infringing activity related to "Martinique Singer Island aerial a." Thus, Defendants ask this Court to dismiss Count I against Lavoll.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX

Second, as to Count II for removal of copyright management information, there are no dates included on the pages where Plaintiff presents a side-by-side comparison of the alleged original work and the alleged reproduced work. *See* Ex. B-1, p. 21, 23. Absent any indication that Lavoll herself uploaded the altered images to these various websites or the date these allegedly infringing images were uploaded or discovered, Plaintiff has failed to demonstrate that Lavoll specifically removed copyright management information from the work at issue. Absent any allegations demonstrating the causal connection and timeliness of this claim, Defendants ask this Court to dismiss Count II against Lavoll.

Finally, as to Count III for vicarious copyright infringement against KW Palm Beach for Lavoll's allegedly infringing activities, Plaintiff has failed to demonstrate the underlying basis for this claim—that Lavoll infringed on Plaintiff's Work. Again, the lack of dates for the majority of the items provided in Exhibit B-1 fails to demonstrate that this claim is not barred by the statute of limitation. Given that there is no factual basis alleged in the Amended Complaint or demonstrated by Exhibit B-1, KW Palm Beach cannot be held vicariously liable for claims against other individuals that do not state a proper claim. Accordingly, Defendants ask this Court to dismiss Count III against KW Palm Beach.

Accordingly, Counts I and II, alleging copyright infringement and the removal of copyright management information by Lavoll, as well as Count III, alleging vicarious copyright infringement by KW Palm Beach for Lavoll's infringing activities, must be dismissed.

### III.    The Complaint Impermissibly Lumps Individual and Corporate Defendants Together Without Alleging Any Specific Wrongdoing—Counts IV, V, and VI

"When complaint indiscriminately lumps all defendants together, it fails to comply with Rule 8." *Fox v. Loews Corp.*, 309 F. Supp. 3d 1241, 1249 (S.D. Fla. 2018) (quoting *Joseph v.*

*Bernstein*, 2014 WL 126008065, at *3 (S.D. Fla. 2014)). "By lumping all the defendants together in each claim and **providing no factual basis to distinguish their conduct**, the [] Complaint fails to satisfy the minimum standard Rule 8." *Lane v. Capital Acquisitions & Mgmt., Co*, 2006 WL 4590705, at *5 (S.D. Fla. 2006) (emphasis added).

Where there are multiple defendants in an action, "the factual allegations **must give each defendant fair notice** of the nature of the claim and the grounds on which the claim rests." *Bernstein*, 2014 WL 12600805, at *3 (quoting *George & Co., LLC v. Alibaba.com, Inc.*, 2011 WL 681940, at *2 (M.D. Fla. Dec. 13, 2011) (emphasis added) (citations omitted)). Moreover, "the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1380-82 (11th Cir. 1997).

Ultimately, however, "[a] corporation and its owners are separate legal entities existing independently of each other." *R/V Beacon, LLC v. Underwater Archeology & Expl. Corp.*, 2014 WL 4930645, at *3 (S.D. Fla. 2014) (citing *United States v. Bestfoods*, 524 U.S. 51, 61, 118 S.Ct. 1876, 141 L.Ed.2d 43 (1998)).

"The Eleventh Circuit has explained that 'asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions' is improper." *NorthStar Moving Holding Co., Inc. v. Northstar Movers*, 2020 WL 3303972, at *2 (S.D. Fla. 2020) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). "This kind of shotgun pleading 'fail[s] to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Id.*

First, Plaintiff lumps together several individuals and corporate entities to comprise Defendants, collectively, in alleging conclusory statements without any further detail. More specifically, Plaintiff provides a section entitled "Infringement By Defendants," wherein Plaintiff alleges Defendants, collectively, copied the Works identified and distributed further copies "in the course and scope of defendants' professional real estate businesses, and in the course of rendering professional real estate services as associates and brokers." Amended Complaint, ¶53. Plaintiff provides the following to establish the factual bases for each of the claims alleged in the Amended Complaint:

> 54. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto at **Exhibit "B"** that show (1) AAP's original Works, (2) AAP's Certificates of Registration, and (3) defendants' unauthorized and unlicensed use of AAP's copyrighted Works. Attached hereto as **Exhibit "A"** is a document summarizing the infringements, and their corresponding registrations and original images. For clarity, the infringements are shown as: Lavoll/KWPB, Exhibit B-1c; Navaroli/KWJ/MPNA, Exhibit B-2c and B-3c; KWPB, Exhibit B-4c; Hobin/KWJ/LHPA, Exhibit B-5c & B-6c; Bradley/KWPSL, Exhibit B-7c; JFS/KWJ/ACS, Exhibit B-8c.

> 55. In connection with their infringement of the Works at issue in this action, defendants removed copyright management information from the Works as evidenced by the documents attached hereto in Exhibit B, subsections c. (Exhibit B-1c Lavoll; Exhibit B-4c; Exhibit B-7c; Exhibit B-8c, Simmonds).

Amended Complaint, ¶¶54-55 (emphases in original).

From these two paragraphs alone, not only are Defendants tasked with reviewing over 150 pages of exhibits attached to the Amended Complaint in order to identify the basis for each of Plaintiff's claims, but the attachments do not consistently provide the dates or times they were discovered, let alone when the alleged infringing activities were committed. Moreover, Exhibit A [D.E. 17-1] also identifies several additional exhibits that are not included or attached to the Amended Complaint, as well as specific works that are not listed in the Amended Complaint at

paragraph 45—which provides a list of the Works at issue. For example, Exhibit A indicates that the third exhibit attached to the Amended Complaint refers to "Ocean Trail Beach Access AAP 05-08-09" but there is no such exhibit in any of the items attached to the Amended Complaint; nor is "Ocean Trail Beach Access AAP 05-08-09" identified in paragraph 45 of the Amended Complaint. The same is true for the seventh exhibit listed in Exhibit A.

As a separate issue, Plaintiff lists a total of six exhibits allegedly demonstrating Lori Hobin's infringing activity related to the "Jupiter Lighthouse with Boat A 2010 AAP," but only the tenth and eleventh exhibits listed in Exhibit A are actually attached to the Amended Complaint. *See* Exhibits B-5 [D.E. 17-6]; B-6 [D.E. 17-7]. The third, seventh, eighth, ninth, twelfth and thirteenth exhibits listed in Exhibit A are not attached to the Amended Complaint and therefore, do not establish any factual basis in support of the claims alleged in the Amended Complaint.

Notably, Plaintiff lumps together Navaroli and MNPA, as well as Hobin and LHPA. Plaintiff similarly lumps together "JFS/KWJ/ACS" but fails to include ACSPA, the entity that actually holds ACS's Real Estate License. It is unclear from the information provided above, the allegations contained in the Amended Complaint, and the exhibits attached to the Amended Complaint, whether Plaintiff is bringing these claims against each licensed entity or individual, as well as each named person in their individual capacity. This issue is further complicated by Plaintiff's designation of "KWJ Agent Defendants" in the title for Count IV, which includes Navaroli, Hobin, MNPA, LHPA, JFS, ACSPA and ACS. *See* Amended Complaint, p. 13. However, the allegations directed to MNPA and Navaroli, for example, are the same in Exhibits B-2 [D.E. 17-3] and B-3 [D.E. 17-4]. *See* Amended Complaint, ¶86. The allegations directed to Hobin and LHPA are the same and presented in Exhibits B-5 [D.E. 17-6] and B-6 [D.E. 17-7]. *Id.*

Finally, the allegations aimed at JFS and ACS, but for some reason not ACSPA, are singularly contained in Exhibit B-8 [D.E. 17-9]. *Id.* As will be discussed in further detail below, Plaintiff has failed to allege any factual basis to demonstrate the claims stated in the Amended Complaint and Plaintiff's conclusory reliance on the several exhibits attached to the Amended Complaint is insufficient. The Amended Complaint, as pled, requires the reader to determine when, how and to what extent any of the Defendants infringed on Plaintiff's works—and yet, still fails to demonstrate a causal connection between many of the purported infringing activities and Defendants. In this regard, Defendants ask that this Court order Plaintiff to present a more definite statement regarding these claims.

Second, Plaintiff also lumps together a subset of entities and individuals related to claims of removing copyright management information ("CMI") from Plaintiff's works. *See* Amended Complaint, ¶55. Plaintiff again fails to identify any specific conduct and instead identifies the related exhibits "(Exhibit B-1c; Lavoll; Exhibit B-4c; Exhibit B-7c Bradley; Exhibit B-8c, Simmonds)." *Id.* First, there is no corresponding claim for the removal of CMI directed to KW Palm Beach, which is allegedly demonstrated in Exhibit B-4. Second, Plaintiff's reference to "Simmonds" for Exhibit B-8 lumps together ACS, JFS and ACSPA but does not identify the specific conduct of any named Defendant, nor does Exhibit B-8 indicate any specific conduct undertaken by ACS, JFS or ACSPA—their names are nowhere to be found in this exhibit.

Given that the only factual basis for all of the claims alleged is contained in the 151 pages of exhibits attached to the Amended Complaint, Defendants ability to respond to these allegations again remains unnecessarily difficult and required the undersigned to meticulously review these exhibits for Defendant to be able to understand the basis for each of Plaintiff's claims. In

conjunction with the issues related to those individuals identified in their individual capacities, Defendants are confused as to which entity and/or individual is liable for which conduct—as there are no specific events tied to these conclusory allegations. For example, Count IV alleges that both Hobin and LHPA are liable for the infringing activity supposedly demonstrated in Exhibit B-5 and B-6, however, there is no indication of which alleged activities are specific to Hobin in her individual capacity and which are specific to LHPA. This same issue applies to Navaroli and MPNA, as well as ACS and ACSPA. Finally, as the alleged infringing activities vary in time, or their timeliness is not indicated at all, it even appears some of Plaintiff's claims may be barred by the Statute of Limitation. *See* 17 U.S.C. § 507.

Accordingly, the claims directed KWJ Agent Defendants, Navaroli and MNPA; Hobin and LHPA; JFS, ACS and ACSPA—specifically provided in Counts IV and VI— and the claim for removal of CMI by ACS, JFS and ACSPA—Count V—must be dismissed, or, in the alternative, an order instructing a more definite statement as to these issues.

### IV.    Failure to State a Claim for Copyright Infringement Against Hobin, LHPA, JFS, ACS or ACSPA, and Failure to State a Claim for Vicarious Copyright Infringement Against KW Jupiter—Counts IV and VI

"A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285–86 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Iqbal*, 129 S.Ct. 1937, 1949).

"Under the Copyright Act, a civil copyright action must be brought within three years after the claim accrued." *Webster v. Dean Guitars*, 955 F.3d 1270, 1276 (11th Cir. 2020) (discussing 17 U.S.C. § 507). "[A] copyright infringement claim 'ordinarily accrues when a plaintiff has a

complete and present cause of action,' that is, 'when an infringing act occurs.'" *Webster*, 955 F.3d at 1276 (quoting *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014)).

Unfortunately, as previously indicated above, Plaintiff has failed to present any allegations or factual basis to support the claims alleged in Count IV for copyright infringement. As provided in further detail below, the exhibits purporting to establish the factual basis for this claim are insufficient.

### a.   *Copyright Infringement by Hobin/LHPA—Count IV*

Exhibit B-5 [D.E. 17-6], is directed only to Hobin/LHPA and the listing for 272 Feather Point S, provides two different versions of the MLS Report. The first version of the Report, at p. 8-17, clearly shows that the Work at issue was added on January 21, 2017 and subsequently removed on April 28, 2017. Ex. B-5, p. 9, 12. Moreover, in this first version, the work at issue is not included in the post. *See id.*, p. 17. The second version of the Report, at p. 18-25, was discovered on February 7, 2017, and does not include information regarding when the images were uploaded but shows that the Work at issue was included. *Id.*, p. 24. Aside from having to meticulously review the information contained therein, this entire exhibit refers to alleged copyright infringement that occurred over three years ago and is therefore barred by the statute of limitation. To the extent that this exhibit attempts to demonstrate Hobin, LHPA or KW Jupiter infringed on Plaintiff's Work, these claims are barred and this exhibit is essentially a nullity. *See* 17 U.S.C. § 507

Exhibit B-6 [D.E. 17-7], is directed to Hobin/LHPA and the listing for 4161 S Highway 1, does not include *any* MLS Report information and instead provides two, undated screenshots of Realtor.com displaying the Work at issue. Given there are no dates associated with this alleged

infringement, Defendants are left to wonder whether this is also barred by the statute of limitation. Moreover, there is no indication of who uploaded this image to Realtor.com. Hobin's name isn't even included in this listing, nor is there any reference to LHPA. Plaintiffs has failed to demonstrate any factual basis regarding copyright infringement.

It should further be noted that while Plaintiff lists a total of seven exhibits demonstrating Hobin's alleged infringing activities in Exhibit A [D.E. 17-1], only two are actually attached to the Amended Complaint, and even then, only *one* includes the dates of the alleged infringing activity and establishes that any claim is barred by the statute of limitation. Plaintiff has failed to demonstrate that Hobin/LHPA engaged in any infringing activity within the past three years. Accordingly, Defendants ask this Court to dismiss Count IV as alleged against Hobin/LHPA.

### b.  *Copyright Infringement by JFS, ACS and ACSPA—Count IV*

Exhibit B-8 [D.E. 17-9], is specifically direct to JFS, ACS, and ACSPA, supposedly demonstrates their infringing activities related to Plaintiff's copyrighted work entitled "Singer Island Welcome aerial pano 2008." *See* Amended Complaint, ¶¶45, 86. Notably, however, Ex. B-8 does not include any MLS Listings with any data demonstrating who uploaded any particular image, when the image with uploaded or when the allegedly infringing works were discovered by Plaintiff. Instead, Ex. B-8 simply includes undated screenshots of the "Simmonds Realty Team" site page for Singer Island real estate listings on the Keller Williams ("KW") website. *See* Ex. B-8, p. 8-11. The Amended Complaint fails to allege any connection between the Simmonds Realty Team and JFS, ACS and ACSPA. While ACS and JFS's last names are Simmonds, there is no indication that the Simmonds Realty Team is comprised of JFS, ACS or ACSPA, nor are JFS, ACS or ACSPA mentioned anywhere on these pages. Moreover, given the absence of any dates—

Defendants are concerned this claim may be barred by the statute of limitation. Accordingly, Defendants ask this Court to dismiss Count IV as to JFS, ACS and ACSPA.

### c.  Failure to State a Claim for Vicarious Copyright Infringement Against KW Jupiter—Count VI

"To prevail on a claim for vicarious infringement, a plaintiff must allege that the defendant 'infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it.'" *Hydentra HLP Int. Ltd. v. Luchian*, 2016 WL 5951808, at *14 (S.D. Fla. 2016) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005)). "The defendant must have the right and ability to supervise the infringing activity." *Luchian*, 2016 WL 5951808, at *14 (quoting *Coach, Inc. v. Swap Shop, Inc.*, 916 F.Supp.2d 1271, 1282 (S.D. Fla. 2012)). It follows that where the Plaintiff has not demonstrated that an infringing activity has occurred, a claim for vicarious liability for the same cannot stand.

As discussed above, the allegations and corresponding citation to the exhibits attached to the Amended Complaint fail to demonstrate Hobin/LHPA and JFS/ACS/ACSPA engaged in any infringing activities. Thus, to the extent Plaintiff seeks to hold KW Jupiter vicariously liable for the infringing activity in Count IV, Defendants ask this Court to dismiss the corresponding claim for vicarious copyright infringement for the same presented in Count VI.

Accordingly, Defendants ask this Court to dismiss Count IV in its entirety as it relates to Hobin/LHPA and JFS/ACS/ACSPA; and to dismiss Count VI as it relates to the failure to demonstrate the underlying infringing activity identified in Count IV.

### V.  Failure to State a Claim for Removal of Copyright Management Information Against JFS, ACS and ACSPA—Count V

"Under the Digital Millennium Copyright Act, no person shall 'intentionally remove or alter any copyright management information[.]'" *Miller v. Suriel Group, Inc.*, 2020 WL 6122246, at *3

(S.D. Fla. 2020) (quoting 17 U.S. C. § 1201(b)(1)). "Copyright management information includes information such as the title and name of the author of a work." *Miller*, 202 WL 6122246, at *3 (citing 17 U.S.C. § 1202(c)(1)-(2)). "An action for removal of copyright management information requires the information to be removed from a plaintiff's product or original work." *Miller*, 202 WL 6122246, at *3 (quoting *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F.Supp.2d 1352, 1359 (N.D. Fla. 2010)).

Here, as provided in Exhibit B-8 [D.E. 17-9], Plaintiff merely provides screenshots of the "Simmonds Realty Team" site page for Singer Island listings on the KW website. *See* Ex. B-8, p. 8-11. None of these images purporting to demonstrate the removal of CMI include the dates these screenshots were taken, when the images of the Work were added or who specifically added them. Absent any indication of the timeliness of these images to demonstrate JFS, ACS and ACSPA removed copyright management information, Plaintiff has failed to properly state a claim in Count V. Moreover, Plaintiff has failed to allege that the "Simmonds Realty Team" includes or is synonymous with JFS, ACS and ACSPA—JFS, ACS and ACSPA are not listed *anywhere* in Exhibit B-8. Given the absence of a direct connection between named defendants and "Simmonds Realty Team," Plaintiff has failed to state a claim for removal of copyright management information. Accordingly, Defendants ask this Court to dismiss Count V.

## VI.   Failure to State a Claim Against Bradley or KW Port St. Lucie Regarding Three of Four Works Alleged—Counts VII, VIII and IX

"A 'claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Garcia-Bengochea v. Carnival Corp.*, 407 F. Supp. 3d 1281, 1285–86 (S.D. Fla. 2019), *motion to certify appeal denied*, 2019 WL 7945691 (S.D. Fla. 2019) (quoting *Iqbal*, 129 S.Ct. 1937, 1949).

Here, Plaintiff has not alleged an adequate factual basis to support those claims directed to Bradley or those that arise from Bradley's allegedly infringing activities as it relates to three of the four Works identified by Plaintiff. More specifically, Plaintiff has failed to establish Bradley infringed or removed CMI from "71 N River Dr night a," "71 N River Dr night c," or "71 N River Dr sunset" as identified in the Amended Complaint. *See* Amended Complaint, ¶45. More specifically, the MLS Reports provided in Exhibit B-7 [D.E. 17-8] do not demonstrate that Bradley uploaded copies of the three Works identified, nor is there any indication that Bradley removed any CMI from the same.

Exhibit B-7, which is directed to Bradley and the listing for 71 N. River Dr., identifies a total of four separate Works that are copyrighted by Plaintiff and attempts to establish that Bradley added the Works to the listing. However, the photos uploaded by Bradley are not neatly labeled to demonstrate that Bradley uploaded the Works at issue. Bradley added several images, but most of the names of those images do not provide any indication of which photos they are related to. For example, "71 N River Dr. night c" is clearly labeled "POOL" in the listing (p. 32), but there is no particular corresponding image name to indicate which image Bradley uploaded. In other words, almost all of the images uploaded by Bradley had generic names with no further designation. *See* Ex. B-7, p. 28-29 (i.e., "006_preview," "frontnewsky1_pre," "download (2)"). Moreover, Plaintiff identifies several *other* works that were uploaded by Bradley, but that are not listed in the Amended Complaint. For example, at page 34, Plaintiff points to "ELEGANT VIEW," "BOAT DOCK," "WATER VIEW," and "AERIAL VIEW;" however, only the "AERIAL VIEW" Work is identified in the Amended Complaint. *See* Amended Complaint, ¶45. Similarly, the images entitled "REAR POOL VIEW," "REAR OF HOUSE" and "PATIO WATER VIEW" do not relate to any

identified copyright at issue in this case. In other words, Plaintiff attempts to include several additional, supposedly copyrighted works that are not at issue in the Amended Complaint in an attempt to bolster those claims against Bradley.

As it pertains to the Works at issue entitled "71 N River Dr Night C," "71 N River Dr Night A" and "River Dr Sunset," Plaintiff has failed to establish any factual basis or causal connection demonstrating Bradley specifically infringed on Plaintiff's rights in those works, nor does Plaintiff describe any factual basis for the same. Plaintiff's simple reference to Bradley and Exhibit B-7, along with the lack of any clear causal connection renders Plaintiff's claim for copyright infringement against Bradley in Count VII for these specific Works as a nullity. Thus, as it relates to Count VII, Plaintiff has failed to state a claim with regards to the works entitled "71 N River Dr Night C," "71 N River Dr Night A" and "River Dr Sunset." Accordingly, Defendants ask that this Court dismiss Count VII as it relates to the above referenced Works.

Count VIII alleges Bradley removed copyright management information from the four Works identified in Exhibit B-7 ("71 N River Dr Night C," "71 N River Dr Night A," "River Dr Sunset," and "Sewells Point aerial a 2015"). However, unlike the other exhibits that attempt to demonstrate that copyright management information was removed from the works at issue, there is no indication that Bradley removed any CMI. *Compare* Ex. B-1 [D.E. 17-2], p. 21, 23; Ex. B-4 [D.E. 17-5], p. 8; Ex. B-8 [D.E. 17-9], p. 11. The only factual basis provided as to Bradley's alleged removal of copyright management information generally states that "defendants removed copyright management information from the Works as evidenced by the documents attached hereto in Exhibit B, subsections c (Exhibit B-1c Lavoll; Exhibit B-4c; **Exhibit B-7c Bradley**; Exhibit B-8c, Simmonds)." Amended Complaint, ¶55 (emphasis added). Given Plaintiff relies

solely on Exhibit B-7 to demonstrate the factual basis for Count VIII and wholly fails to make any showing that Bradley removed CMI from any of the Works identified in Exhibit B-7, Count VIII must be dismissed for Plaintiff's failure to state a claim.

Finally, Count IX alleges vicarious copyright infringement against KW Port St. Lucie for Bradley's alleged infringing activities. *See* Amended Complaint, ¶¶122-128. However, there is no causal connection between the images Bradley uploaded to the MLS Listing and the copyrighted works identified. *Id.* at ¶45. As it pertains to the works at issue entitled "71 N River Dr Night C," "71 N River Dr Night A" and "71 N River Dr Sunset," Plaintiff has failed to establish any factual basis or causal connection demonstrating Bradley specifically infringed on Plaintiff's rights in those Works, and therefore, has also failed to establish a claim for vicarious copyright infringement against KW Port St. Lucie for the same alleged infringing activity. Plaintiff's reference to Bradley and Exhibit B-7, along with the lack of any clear causal connection showing when Bradley allegedly added copies of these Works to the MLS Listing renders Plaintiff's claim for copyright infringement against Bradley in Count VII, and therefore, the requisite basis to establish a claim for Count IX, insufficient. Thus, as it relates to Count IX and KW Port St. Lucie's vicarious copyright infringement based on Bradley's allegedly infringing activities, Plaintiff has failed to state a claim with regards to the works entitled "71 N River Dr Night C," "71 N River Dr Night A" and "River Dr Sunset." Accordingly, Defendants ask that this Court dismiss Count IX as it relates to the above referenced works.

**WHEREFORE,** Defendants, SAFE HARBOR REALTY, LLC d/b/a KELLER WILLIAMS REALTY OF THE PALLM BEACHES; TRACEY LAVOLL; SAFE HARBOUR REALTY OF JUPITER, LLC d/b/a KELLER WILLIAMS REALTY OF JUPITER; MCKINLEY

NAVAROLI, P.A.; MCKINLEY NAVAROLI; LORI HOBIN, P.A.; LORI HOBIN; JOHN

FREDERICK SIMMONDS, AMY CATHLEEN SIMMONDS; AMY CATHLEEN

SIMMONDS, P.A.; SAFE HARBOR REALTY OF PORT ST. LUCIE LLC d/b/a KELLER

WILLIAMS REALTY OF PORT ST. LUCIE and MARK STEVEN BRADLEY, respectfully

request that this Court dismiss Count I, Count II, Count III, Count V and Count VIII in their

entirety; Count IV and VI as it relates to Hobin/LHPA, JFS/ACS/ACSPA; Count IV and Count VI

as it relates to Navaroli/MNPA and the 880 Taft Ct. Listing; and Count VII and Count IX as it

relates to the works entitled "71 N River Dr Night C," "71 N River Dr Night A" and "River Dr

Sunset," or in the alternative, enter an order for more definite statement.

Respectfully submitted on this 1st day of April, 2021.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendants SAFE HARBOR REALTY,*
*LLC d/b/a KELLER WILLIAMS REALTY OF THE*
*PALLM BEACHES; TRACEY LAVOLL;  SAFE*
*HARBOUR REALTY OF JUPITER, LLC d/b/a*
*KELLER WILLIAMS REALTY OF JUPITER;*
*MCKINLEY NAVAROLI, P.A.; MCKINLEY*
*NAVAROLI; LORI HOBIN, P,A.; LORI HOBIN;*
*JOHN FREDERICK SIMMONDS; AMY*
*CATHERINE SIMMONDS, P,A.; AMY CATHERINE*
*SIMMONDS; SAFE HARBOR REALTY OF PORT*
*ST. LUCIE LLC d/b/a KELLER WILLIAMS REALTY*
*OF PORT ST. LUCIE and MARK STEVEN*
*BRADLEY*
Esperante Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone (561) 612-3459
Facsimile (561) 683-8977
Email: justin.levine@csklegal.com
Email:  patricia.martel@csklegal.com

CASE NO.:  9:20-CV-82262

By:   s/ Justin B. Levine
          JUSTIN B. LEVINE
          Florida Bar No.:  106463

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of April, 2021, a true and correct copy of the foregoing was filed with the Clerk of the court via CM/ECF, which will send notive of electronic filing to counsel of record.

**COLE, SCOTT & KISSANE, P.A.**
ESPERANTE BUILDING - 222 LAKEVIEW AVENUE, SUITE 120  - WEST PALM BEACH, FLORIDA 33401 (561) 383-9200 - (561) 683-8977 FAX